# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41729
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN MANUEL SOSA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-869-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Sosa, federal prisoner # 00054-379, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence for possession, with intent to distribute, a controlled substance. Sosa contends: he was eligible for a reduction; and the court abused its discretion by denying relief.

Sosa pleaded guilty to possession of more than 100 kilograms of marijuana, with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. In early 2012, he was sentenced under the then-applicable 2011 advisory Sentencing Guidelines to 108-months' imprisonment.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-41729

In 2015, he moved for the court to reduce his sentence, citing Amendment 782 to the Guidelines. The district court denied his motion, concluding his sentence "was and is appropriate under 18 U.S.C. § 3553(a) especially given [Sosa]'s extensive involvement in this drug distribution scheme".

A district court's decision to deny a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for an abuse of discretion, "its interpretation of the Guidelines *de novo,* and its findings of fact for clear error". *United States v. Henderson,* 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks and citation omitted). In considering a § 3582(c)(2) motion, the court first determines whether movant is eligible for a sentence reduction and then whether a reduction "is warranted in whole or in part under the particular circumstances of the case". *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Sosa primarily contends denying relief based on his "extensive involvement in this drug distribution scheme" was an abuse of discretion, given both the finding at sentencing that he did not have an aggravating role in the offense and the lack of evidence showing he participated in a prior transfer of marijuana in Atlanta, Georgia. According to the presentence investigation report (PSR), Sosa's role in the offense included renting a box truck, retrieving drugs from a stash house, and delivering the truck to a warehouse in Brownsville, Texas. One of his co-defendants told authorities Sosa was involved in a similar transaction in Atlanta. Although Sosa objected to the recitation in the PSR concerning his involvement in the Atlanta transfer, he later withdrew his objection. At sentencing, the court adopted the PSR and found Sosa participated in the Atlanta transfer and that, while he did not have an aggravating role in the offense, his "degree of involvement was significant".

Sosa did not file a direct appeal challenging these findings, and a § 3582(c)(2) proceeding is not the appropriate vehicle for re-litigating sentencing issues. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir.

2011).  Moreover, the finding that Sosa did not have an aggravating role was based on a lack of evidence that he had supervisory or decision-making authority.  Sosa does not explain why this precluded the court's finding he had "extensive involvement in this drug distribution scheme", which is plausible in the light of the record as a whole.  *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) ("There is no clear error if the district court's finding is plausible in light of the record as a whole.").

Sosa also asserts the court failed to adequately consider his post-sentencing conduct, but the relevant Guideline commentary states a "court may consider post-sentencing conduct", rather than its being required to do so. *See* U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).  He also states, without more, that the court's ruling fails to comply with the goals of Amendment 782 and "establishes unwarranted sentencing disparities".  His counseled brief is not entitled to liberal construction, s*ee Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986), and his conclusory assertions are insufficient to show an abuse of discretion. *See United States v. Sparks*, 2 F.3d 574, 583 (5th Cir. 1986).

In short, Sosa does not establish the decision was based on an error of law or a clearly erroneous assessment of the evidence, nor does he show it was otherwise an abuse of discretion to deny his motion for a sentence reduction. *See Henderson*, 636 F.3d at 717; *United States v. Heyliger*, 407 F. App'x 803, 805 (5th Cir. 2011) (affirming denial of § 3582(c)(2) motion based on criminal history and seriousness of the offense).  The record reflects the court gave due consideration to Sosa's motion as a whole and the § 3553(a) factors. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.